# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLOS J. LOPEZ-ESCOBAR, <br><br> Plaintiff, <br><br> v. <br><br> BJ'S WHOLESALE CLUB, INC., JOHN DOE, JOHN DOES 2-10, ABC INC. 1-10 and XYZ CO. 1-10, <br><br> Defendants. | **Civil Action No.** |

## DEFENDANT BJ'S WHOLESALE CLUB, INC.'S
## NOTICE OF REMOVAL

Defendant BJ's Wholesale Club, Inc. (hereinafter referred to as "BJ's" or "Defendant") files this Notice of Removal pursuant to 28 U.S.C. §1441(a) and (b) to remove this action from the Superior Court of New Jersey, Law Division, Bergen County, where it is now pending, to the United States District Court for the District of New Jersey.  Defendant, in support thereof, states as follows:

1. A Civil Action has been brought against Defendant by the Plaintiff Carlos J. Lopez-Escobar (hereinafter referred to as "Plaintiff") and is pending in the Superior Court of New Jersey, Law Division, Bergen County, docket number BER-L-874-22.  A copy of Plaintiff's Complaint is attached hereto as Exhibit "A".

2. The State Court wherein this action was originally filed is located in Bergen County, New Jersey, which is embraced within this jurisdictional district.

3. Removal from the Superior Court of New Jersey Law Division, Bergen County is proper under 28 U.S.C. §§1441(a) and (b), which authorizes the removal of any civil action of

32676909.v1

which the District Courts of the United States has original jurisdiction and if "none of the parties in interest properly joined and served as a defendant is a citizen of the state in which such action is brought." (emphasis added).

4. This Court has original jurisdiction over the subject matter under 28 U.S.C. §1332 as the parties in interest properly joined and served are citizens of different states, and the matter in controversy exceeds $75,000.00 as set forth below.

5. Specifically, in the alleged accident that is the subject of Plaintiff's Complaint, Plaintiff claims that on March 20, 2022, as a result of the carelessness and negligence of the Defendant, he was caused to sustain serious and permanent injuries, endured and will endure great pain and suffering, has expending and will continue to expend great sums of money in order to cure his injuries and has suffered a loss of income.  See Exhibit "A", First Count, ¶4.

6. Plaintiff also demands judgment against Defendant, for damages, interest, costs of suit, and attorney's fees. See Exhibit "A", Wherefore Clause.

7. In order to clarify the amount of damages at issue, Defendant served Plaintiff with a stipulation to limit damages to $75,000, and advised that if this was not signed by the close of business on February 16, 2022, Defendant would remove this matter to the Federal Court. See correspondence of February 16, 2022, attached as Exhibit "B".

8. The time period passed and Plaintiff has failed and refused to sign the Stipulation to Limit Damages.

9. Indeed, to date, Plaintiff has still failed and refused to sign and return the Stipulation to Limit Damages to $75,000.  Furthermore, on or about February 16, 2022, Plaintiff's counsel advised counsel for Defendant that he would not be signing the Stipulation to Limit Damages to $75,000. See correspondence from counsel for Plaintiff to counsel for Defendant attached hereto as Exhibit "C".

32676909.v1

10. As such, based on the serious and permanent personal injury claims, significant medical treatment and economic damages that Plaintiff claims have resulted from the negligence and carelessness of Defendant, and that Plaintiff has specifically advised that he will not be signing a Stipulation Limiting Damages to $75,000, it is Defendant's position that Plaintiff is seeking an amount in excess of $75,000 and this Court does not have to guess as to whether this Court's jurisdictional threshold has been met.

12. Additionally, removal is proper as the parties are citizens of different states as Plaintiff is a citizen of New Jersey and Defendant BJ's Wholesale Club, Inc., is a Delaware corporation with a principal place of business in Massachusetts.

13. As such, based on the serious and permanent personal injury claims, permanent disability claims, incapacitation claims, significant medical treatment and economic damages claims that Plaintiff claims have resulted from the negligence and carelessness of Defendant and that Plaintiff has refused to sign a Stipulation limiting damages to $75,000, it is Defendant's position that Plaintiff is seeking an amount in excess of $75,000 and this Court does not have to guess as to whether this Court's jurisdictional threshold has been met. See Exhibits "A" - "C".

14. This removal is also timely, as this case was filed on or about February 14, 2022, and was received by Defendant on or about February 15, 2022. This Notice of Removal is being timely filed within 30 days of receipt of the Complaint by Defendant, and within one year of the filing of the Complaint, pursuant to 28 U.S. Code § 1446.

15. Thus, Removal from the Superior Court of New Jersey, Law Division, Bergen County is proper under 28 U.S.C. §1441(a) and (b).

16. This Court has original jurisdiction over the subject matter under 28 U.S.C. §1332 as the parties are citizens of different states, and the matter in controversy exceeds $75,000 as set forth above. Based on Plaintiff's claims for serious and permanent personal injuries,

32676909.v1

incapacitation and permanent disability as well as significant medical treatment and other lost earnings or economic damages as well as the fact that Plaintiff has refused to sign a Stipulation Limiting Damages to $75,000, it is Defendant's position that Plaintiff is seeking an amount in excess of $75,000, and this Court does not have to guess as to whether Plaintiff is seeking an amount in excess of $75,000.

17. Based on the foregoing, the requirements of 28 U.S.C. §1441(a) and (b), 1446 and 1332 have been satisfied and the within matter is properly removable.

**WHEREFORE**, Defendant BJ's Wholesale Club, Inc. respectfully requests that the State Action be removed from the Superior Court of New Jersey, Law Division, Bergen County to the United States District Court for the District of New Jersey.

Dated: March 11, 2021                           s/ *John M. McConnell*

John M. McConnell, Esquire (028152006)
**GOLDBERG SEGALLA LLP**
301 Carnegie Center Drive,
Suite 200, Princeton, NJ 08540-6587
609-986-1326
609-986-1301 - Fax
Attorneys for Defendant BJ's Wholesale Club, Inc.

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLOS J. LOPEZ-ESCOBAR, | : |
| Plaintiff, | : **Civil Action No.** |
| v. | : |
| BJ'S WHOLESALE CLUB, INC., JOHN DOE, JOHN DOES 2-10, ABC INC. 1-10 and XYZ CO. 1-10, | : |
| Defendants. | : |

I, John M. McConnell, hereby certify that a true and correct copy of the foregoing Notice of Removal, and supporting documents, and Jury Demand were filed with the Court and served on all counsel of record via email on this 11 day of March 2022.

Dated: March 11, 2022              s/  *John M. McConnell*

                                            John M. McConnell, Esquire (028152006)
                                            **GOLDBERG SEGALLA LLP**
                                            301 Carnegie Center Drive,
                                            Suite 200, Princeton, NJ 08540-6587
                                            609-986-1326
                                            609-986-1301 - Fax
                                            Attorneys for Defendant BJ's Wholesale Club, Inc.

32676909.v1

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLOS J. LOPEZ-ESCOBAR,<br><br>    Plaintiff,<br><br>v.<br><br>BJ'S WHOLESALE CLUB, INC., JOHN DOE, JOHN DOES 2-10, ABC INC. 1-10 and XYZ CO. 1-10,<br><br>    Defendants. | **Civil Action No.** |

**PLEASE TAKE NOTICE** that the undersigned counsel hereby enters an appearance as counsel of record on behalf of Defendant BJ's Wholesale Club, Inc. in the above-entitled action.

**PLEASE TAKE FURTHER NOTICE** that copies of all papers served in this matter should be served upon the undersigned.

Dated: March 11, 2022      s/ *John M. McConnell*

             John M. McConnell, Esquire (028152006)
             **GOLDBERG SEGALLA LLP**
             301 Carnegie Center Drive,
             Suite 200, Princeton, NJ 08540-6587
             609-986-1326
             609-986-1301 - Fax
             Attorneys for Defendant BJ's Wholesale Club, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLOS J. LOPEZ-ESCOBAR, | : |
| Plaintiff, | : **Civil Action No.** |
| v. | : |
| BJ'S WHOLESALE CLUB, INC., JOHN DOE, JOHN DOES 2-10, ABC INC. 1-10 and XYZ CO. 1-10, | : |
| Defendants. | : |

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 38, the Defendant BJ's Wholesale Club, Inc. hereby demands a Jury trial in this matter, on all issues triable by jury.

Dated: March 11, 2022                                      s/ *John M. McConnell*

                                                           John M. McConnell, Esquire (028152006)
                                                           **GOLDBERG SEGALLA LLP**
                                                           301 Carnegie Center Drive,
                                                           Suite 200, Princeton, NJ 08540-6587
                                                           609-986-1326
                                                           609-986-1301 - Fax
                                                           Attorneys for Defendant BJ's Wholesale Club, Inc.

32676909.v1